UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| JESUS JIMENEZ, individually and as Personal Representative of THE ESTATE OF JESUS ANTONIO JIMENEZ,<br><br>               Plaintiffs,<br><br>vs.<br><br>JEAN B. RAMEAU and "JANE DOE" RAMEAU, husband and wife and the marital community compose thereof; WILFRED JEAN and "JANE DOE" JEAN, husband and wife and the marital community composed thereof; GENERAL PARTNERS GROUP, INC., a foreign corporation; ZERO MAX, INC., a foreign corporation,<br><br>               Defendants. | NO. 3:24-CV-5139<br><br>DEFENDANT WILFRED JEAN'S NOTICE OF REMOVAL TO FEDERAL COURT<br><br>[CLERK'S ACTION REQUIRED]<br><br>**[Pierce County Superior Court Case No. 23-2-11234-8]** |

**TO:**        **Clerk, United States District Court for the Western District of Washington**

**AND TO:**    **All Parties**

**AND TO:**    **All Counsel of Record**

**PLEASE TAKE NOTICE** that Defendant Wilfred Jean ("**W. Jean**"), by and through its undersigned counsel, hereby removes Case No. 23-2-11234-8, filed in the Superior Court for the State of Washington for the County of Pierce, to the United States District Court for the Western District of Washington (Tacoma Division) pursuant to 28 U.S.C. § 1332. In support of this removal, W. Jean states as follows:

### I.  STATE COURT ACTION

1.  On November 16, 2023, Plaintiff Jesus Jimenez, as personal representative of the Estate of Jesus Antonio Jimenez ("**Plaintiff**"), filed a Summons and Complaint caption *Jimenez v. Rameau et al.* in the Superior Court of the State of Washington for the County of Pierce ("**State Court Action**"). Compl. (available as "**Exhibit 1**").

2.  In the State Court Action, Plaintiff seeks damages arising from the death of Jesus Antonio Jimenez (the "**Decedent**") in relation to a motor vehicle collision that occurred on or about June 1, 2023 in Sumner, Washington. Compl. ¶¶ XVI, 1-5. Plaintiff alleges negligence, negligent hiring, and vicarious liability against the Defendants. *See* Compl.

### II.  BASIS FOR JURISDICTION

**THIS COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332 BECAUSE THIS MATTER IS BETWEEN CITIZENS OF DIFFERENT STATES AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

3.  "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a).

4.  "The district courts shall have original jurisdictional of all civil actions where the matter in controversy exceeds the sum value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a).

**A. This State Action, as filed, is a matter between citizens of different states because Plaintiff's state citizenship is not identical to the citizenship of any defendants.**

    5.    "A party's citizenship for purpose of diversity jurisdiction is controlled by the party's domicile." *Pierson v. Miniat*, 2022 U.S. Dist. LEXIS 2419 (W.D. Wash. Jan 5, 2022), citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

    6.    <u>Plaintiff</u>: For individual parties, "domicile is judicially defined to require that a natural person (1) establish a fixed habitation or abode in a particular place and (2) intend to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…" 28.U.S.C § 1332(c)(2). Based on information and belief, the Decedent was a citizen of the State of Washington on the date of his death. Compl. ¶ II; Cayton Decl. ¶ 6. Plaintiff is also a citizen of the State of Washington.

    7.    <u>Defendants J. Rameau and Jane Doe Rameau:</u> J. Rameau and Jane Doe Rameau are citizens of the State of Florida. Compl. ¶ V; Cayton Decl. ¶ 7.

    8.    <u>Defendants W. Jean, and Jane Doe Jean</u>: W. Jean and Jane Doe Jean are citizens of the State of Florida. Compl. ¶ VII; Cayton Decl. ¶ 7.

    9.    <u>Defendant GPI</u>: For corporate defendants, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). At relevant times, General Partners Group, Inc. ("**GPI**") was an Ohio corporation with a principal place of business at 5560 Belden Village St NW Suite 303 Canton, OH 44718. Compl. ¶ VIII; Cayton Decl. ¶ 8.

10. <u>Defendant Zero Max</u>: Based on information and belief, General Partners is an Illinois corporation with a principal place of business at 1540 E. Dundee Rd Suite 220, Palatine, IL 60074.  Compl. ¶ X; Cayton Decl. ¶ 9.

11. Because none of the defendants are domiciled in the State of Washington, and because Plaintiff is domiciled in the State of Washington, the State Action is between citizens of different states.

**A. <u>The Amount in Controversy is met in this case becaues Plaintiff is seeking damages in a wrongful death matter.</u>**

12. The amount in controversy is met because Plaintiff is making claims for damages arising out of the death of the Decedent.  Based on the undersigned attorneys' experience, knowledge of recent court decisions and jury verdicts, and other sources, claims of this nature are reasonably expected to exceed $75,000.00.  Plaintiff also made a settlement demand for $15,000,000.00 and found that Defendants' limits were deemed to be insufficient to accept. Cayton Decl. ¶ 10.

### III.  PROCEDURAL REQUIREMENTS

13. <u>Removal to this Court is Proper</u>: Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), W. Jean files this Notice of Removal in the United States District Court for the Western District of Washington, which is the federal district court embracing the state court where Plaintiff brought the State Court Action - in Pierce County, Washington. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 128(a). Under Local Civil Rule 3(e)(1), removal to the Western District of Washington at Seattle is proper because a substantial part

of the alleged events or omissions that give rise to the claims occurred in Pierce County. *See* Compl. ¶ III.

      x.      <u>Removal is Timely</u>: On or about February 9, 2024, Plaintiff served W. Jean a copy of the Summons and Complaint upon W. Jean. Cayton Decl. ¶ 4. This Notice of Removal is filed within 30 days of W. Jean's service pursuant to 28 U.S.C. § 1446(b). Defendant J. Rameau was previously served on or about December 6, 2023. Cayton Decl. ¶ 3. However, the Ninth Circuit Court of Appeals allows for removal by "later-served" defendant. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (holding that a later-served defendant's removal was timely because "each defendant is entitled to thirty days to exercise his removal rights after being served."). Based on information and belief, GPI and Zero Max have not been served. Cayton Decl. ¶ 5.

      x.      <u>Non-Waiver of Right to Removal</u>: W. Jean has not waived his right to remove to this Court. Waiver of right to removal only occurs when a defendant takes an action that manifests (1) an intent to have the case adjudicated in state court and (2) to abandon the right to a federal forum. *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994).

      x.      <u>Civil Cover Sheet</u>:    W. Jean has submitted a civil cover.

      x.      <u>Pleadings and Process</u>: A true and correct copy of the Complaint served upon W. Jean is attached hereto as Exhibit 1. *See* 28 U.S.C. § 1446(a) and Local Civil Rule 101(b).

      x.      <u>Complete Record of State Court Action</u>: A copy of the complete record of the State Court Action is attached to the Verification of State Court Records, which is being filed

concurrently with this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 101(c).

x. <u>Notice</u>: W. Jean will promptly serve Plaintiff and file with this Court its Notice to Plaintiff of Removal to Federal Court, informing Plaintiff that this matter has been removed to federal court. 28 U.S.C. §§ 1446(a), (d). W. Jean will also promptly file with the Clerk of the Superior Court of the State of Washington for the County of Pierce, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court pursuant to 28 U.S.C. § 1446(d).  W. Jean attaches as Exhibit 2 to this Notice a copy of the notice to be filed with the state court (*without the notice's attachments*).

x. <u>Signature</u>: This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

DATED this 20th day of February 2024.

SCHEER.LAW PLLC

*/s/ Jeremy L. Muth*
*/s/ Samuel E. Cayton*
Jeremy L. Muth, WSBA No. 52055
jeremym@scheer.law
Samuel E. Cayton, WSBA No. 58591
samc@scheer.law
2101 Fourth Avenue, Suite 830
Seattle, WA 98121
(206) 800-4070
Attorneys for Defendants General Partners Group Inc, Jean Rameau, and Wilfred Jean

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington and the United States of America that the following is true and correct:

I am employed by the law firm of Scheer.Law PLLC.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO/ Plaintiff**<br>Soh-Khieng Lim, WSBA No. 30607<br>Michael J. Fisher, WSBA No. 32778<br>Rush, Hannula, Harkins & Kyler, PLLC<br>4701 S 19th Street, Suite 300<br>Tacoma, WA 98405<br>Slim@rhhk.com ;<br>Mfisher@rhhk.com | (  ) Via U.S. Mail<br>( X ) Via E-Mail<br>(  ) Via E-Service<br>(  ) Via Overnight Mail |
| **CO/ Plaintiff's Co-Counsel:**<br>Cody Colwell, WSBA No. 41540<br>Chou Colwell, P.S.<br>11900 NE 1st St, Ste 300<br>Bellevue, WA 98005<br>Cody@choucolwell.com | (  ) Via U.S. Mail<br>( X ) Via E-Mail<br>(  ) Via E-Service<br>(  ) Via Overnight Mail |

DATED this 20th day of February 2024 at Seattle, Washington.

*/s/ Shiloh Angevine*
Shiloh Angevine, Legal Assistant