Case 3:24-cv-05139-TMC   Document 1-1   Filed 02/20/24   Page 1 of 15

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

November 16 2023 8:30 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 23-2-11234-8

SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| JESUS JIMENEZ, individually and as Personal Representative of THE ESTATE OF JESUS ANTONIO JIMENEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>JEAN B. RAMEAU and "JANE DOE" RAMEAU, husband and wife and the marital community composed thereof; WILFRED JEAN and "JANE DOE" JEAN, husband and wife and the marital community composed thereof; GENERAL PARTNERS GROUP, INC., a foreign corporation; ZERO MAX, INC., a foreign corporation,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES** |

COME NOW the Plaintiffs, by and through their attorneys of record, Sok-Khieng K. Lim and Michael J. Fisher of Rush, Hannula, Harkins & Kyler, PLLC, and Cody Colwell of Chou Colwell, P.S., and for cause of action against the defendants, state and allege as follows:

I.

The court has jurisdiction over the subject matter herein and the parties hereto.

///

COMPLAINT FOR DAMAGES - 1

**RUSH, HANNULA, HARKINS & KYLER, PLLC**
4701 South 19th Street, Suite 300
TACOMA, WA 98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

II.

At all times material hereto, decedent, Jesus Antonio Jimenez, was a resident of Tacoma, Pierce County, Washington.

III.

Jesus Jimenez, is the personal representative of the Estate of Jesus Antonio Jimenez, deceased, by virtue of his appointment as personal representative of the estate on June 13, 2023, in the Superior Court of the State of Washington, County of Pierce, Cause No. 23-4-01434-3.

IV.

At all times material hereto, defendants, Jean B. Rameau and "Jane Doe" Rameau were husband and wife, forming a marital community under the laws of the State of Washington. All acts, omissions and conduct of defendant, Jean B. Rameau, were committed by and on behalf of the marital community for which it is legally liable.

V.

At all times material hereto, defendants Jean B. Rameau and "Jane Doe" Rameau were residents of Orlando, Florida.

VI.

At all times material hereto, defendants Wilfred Jean and "Jane Doe" Jean were husband and wife, forming a marital community under the laws of the State of Washington. All acts, omissions and conduct of defendant, Wilfred Jean, were committed by and on behalf of the marital community for which it is legally liable.

////

////

COMPLAINT FOR DAMAGES - 2

RUSH, HANNULA, HARKINS & KYLER, PLLC
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

VII.

At all times material hereto, defendants Wilfred Jean and "Jane Doe" Jean were residents of Lehigh, Florida.

VIII.

At all times material hereto, defendant, General Partners Group, Inc., was an Ohio for-profit Corporation, licensed and authorized to do business in the State of Washington and doing business in Pierce County, Washington.

IX.

All acts, omissions and conduct of the employees, agents, representatives or individuals of defendant General Partners Group, Inc., were by and on behalf of defendant General Partners Group, Inc., and in the course and scope of their employment/agency for which defendant General Partners Group, Inc., is legally liable on the basis of employer/employee, respondeat superior, and/or agency or apparent agency.

X.

At all times material hereto, defendant Zero Max, Inc., was an Illinois for-profit Corporation, licensed and authorized to do business in the State of Washington and doing business in Pierce County, Washington.

XI.

All acts, omissions and conduct of the employees, agents, representatives or individuals of defendant Zero Max, Inc., were by and on behalf of defendant Zero Max, Inc., and in the course and scope of their employment/agency for which defendant Zero Max, Inc., is legally liable on the basis of employer/employee, respondeat superior,

COMPLAINT FOR DAMAGES - 3

RUSH, HANNULA, HARKINS & KYLER, PLLC
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

and/or agency or apparent agency.

## XII.

At all times material hereto, defendant, Jean B. Rameau, is and/or was an employee, agent or representative of defendant General Partners Group, Inc., and was in the course and scope of his employment and/or agency with defendant General Partners Group, Inc. All acts, omissions and conduct of defendant Jean B. Rameau were by and on behalf of defendant General Partners Group, Inc., and in the course and scope of his employment/agency for which defendant, General Partners Group, Inc., is legally liable on the basis of employer/employee, respondeat superior, and/or agency or apparent agency.

## XIII.

To the best information and belief of Plaintiffs, at all times material hereto, defendant Jean B. Rameau is and/or was an employee, agent or representative of defendant Zero Max, Inc., and was in the course and scope of his employment and/or agency with defendant Zero Max, Inc. All acts, omissions and conduct of defendant Jean B. Rameau were by and on behalf of defendant Zero Max, Inc., and in the course and scope of his employment/agency for which defendant, Zero Max, Inc., is legally liable on the basis of employer/employee, respondeat superior, and/or agency or apparent agency.

## XIV.

At all times material hereto, defendant Wilfred Jean is and/or was an employee, agent or representative of defendant General Partners Group, Inc., and was in the course and scope of his employment and/or agency with defendant General Partners

COMPLAINT FOR DAMAGES - 4

RUSH, HANNULA, HARKINS & KYLER, PLLC
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

Group, Inc. All acts, omissions and conduct of defendant Wilfred Jean were by and on behalf of defendant General Partners Group, Inc., and in the course and scope of his employment/agency for which defendant, General Partners Group, Inc., is legally liable on the basis of employer/employee, respondeat superior, and/or agency or apparent agency.

XV.

To the best information and belief of Plaintiffs, at all times material hereto, defendant Wilfred Jean is and/or was an employee, agent or representative of defendant Zero Max, Inc., and was in the course and scope of his employment and/or agency with defendant Zero Max, Inc. All acts, omissions and conduct of defendant Wilfred Jean were by and on behalf of defendant Zero Max, Inc., and in the course and scope of his employment/agency for which defendant, Zero Max, Inc., is legally liable on the basis of employer/employee, respondeat superior, and/or agency or apparent agency.

XVI.

On or about June 1, 2023, there were a number of tractor-trailer vehicles parked side-by-side at the Mustard Seed Truck Stop located in Sumner, Pierce County, Washington. One of the parked tractor-trailer vehicles had been parked there by the decedent, Jesus Antonio Jimenez. Immediately to the left of the Jimenez tractor-trailer was a tractor-trailer which had been parked there by defendant, Jean Rameau, or defendant, Wilfred Jean.

XVII.

On or about June 1, 2023, Jesus Antonio Jimenez, was standing next to the

COMPLAINT FOR DAMAGES - 5

RUSH, HANNULA, HARKINS & KYLER, PLLC
4701 South 19th Street, Suite 300
TACOMA, WA 98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

driver's side door of his tractor trailer, in between his tractor-trailer and the defendants' tractor-trailer, and was readily visible.

XVIII.

At or around the same time, defendant, Jean Rameau, began to pull the defendants' tractor-trailer forward out of its' parking spot.  While driving forward defendant, Jean Rameau, began turning defendants' tractor-trailer to the right before he had cleared the Jimenez tractor-trailer which caused the right side of the defendants' tractor-trailer to contact the Jimenez tractor-trailer.  Upon contact between the two tractor-trailer vehicles defendant, Jean Rameau, did not stop and continued to drive forward and to the right dragging the right side of his tractor-trailer along the left side of the Jimenez tractor-trailer.

XIX.

As a result of defendant, Jean Rameau's, conduct, Jesus Antonio Jimenez, was first pinned between the two tractor-trailer vehicles.  The continued forward movement of defendants' tractor-trailer by defendant, Jean Rameau, drug Mr. Jimenez down to the ground where the trailer tires of defendants' tractor-trailer ran over Mr. Jimenez crushing him to death.

XX.

To the best information and belief of Plaintiffs, at the time of the subject collision described above, defendant, Jean Rameau, was inexperienced in operating a tractor-trailer and was doing so under the instruction and/or supervision of defendant, Wilfred Jean.

///

COMPLAINT FOR DAMAGES - 6

RUSH, HANNULA, HARKINS & KYLER, PLLC
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

## XXI.

At the time of the subject collision described above, the tractor-trailer being driven by defendant, Jean Rameau, was leased and/or operated by defendant General Partners Group, Inc., and/or Zero Max, Inc.

## XXII.

The operation of a commercial vehicle in the transportation of goods in interstate commerce constitutes a hazardous activity that presents substantial dangers to other vehicles and pedestrians when not done safely, properly and with due caution. Accordingly, there are a number of federal regulations, state statutes, industry standards and local ordinances that govern the qualification, training and retention of professional tractor-trailer drivers, and the safe operation of commercial motor vehicles.

## XXIII.

In applying for and maintaining operating authority as an interstate motor carrier, defendants, General Partners Group, Inc., and/or Zero Max, Inc., voluntarily assumed certain duties when certifying to the USDOT that they would:

(a) Have in place a system and an individual responsible for ensuring overall compliance with the FMCSR's;

(b) Have in place a driver safety training/orientation program;

(c) Be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 CFR 391);

COMPLAINT FOR DAMAGES - 7

RUSH, HANNULA, HARKINS & KYLER, PLLC
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

(d) Have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance; and,

(e) Comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

XXIV.

At all times material hereto, defendants, Jean Rameau and Jean Wilfred, were Class "A" licensed truck drivers operating a commercial tractor-trailer in interstate commerce for defendants, General Partners Group, Inc., and/or Zero Max, Inc.

**FIRST CAUSE OF ACTION**
(Negligence of Driver)

XXV.

The subject collision and the resulting injuries and ultimate death of Jesus Antonio Jimenez, was caused by the negligence of defendant, Jean Rameau, including, but not limited to, the following:

(a) Failing to yield right of way to pedestrians;

(b) Failing to maintain a proper lookout;

(c) Failing to observe the rules of the road;

(d) Failing to have his vehicle under control;

(e) Failing to operate his vehicle in a careful and prudent manner;

(f) Failing to keep an assured clear distance between his vehicle and pedestrians;

(h) Failing to keep an assured clear distance between his vehicle and other vehicles on a roadway; and;

COMPLAINT FOR DAMAGES - 8

(i) Failing to exercise reasonable care under the circumstances.

**SECOND CAUSE OF ACTION**
(Negligence of Company)

XXVI.

Defendants, General Partners Group, Inc., and/or Zero Max, Inc., had a non-delegable duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

XXVII.

Defendants, General Partners Group, Inc., and/or Zero Max, Inc., breached the above-mentioned duties and were therefore negligent in one or more of, but not limited to, the following ways:

a. Failing to verify and ensure that defendant, Jean Rameau, operated the commercial tractor-trailer in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles in violation of 49 C.F.R. §392.1;

b. Failing to properly train and instruct defendant, Jean Rameau, and its drivers on defensive driving, safe driving, proper following distance and proper lookout in violation of 49 C.F.R. §383.111;

c. Failing to properly supervise defendant, Jean Rameau, and identify dangerous and negligent driving behaviors that could have been corrected in time to avoid the subject collision;

d. Failing to perform or improperly performing background, driving record, physical fitness to drive and/or character investigations that would have

COMPLAINT FOR DAMAGES - 9

revealed defendant, Jean Rameau, was unfit to operate a commercial motor vehicle in violation of 49 C.F.R. §391.21 and §391.23;

e. Hiring and retaining defendant, Jean Rameau, despite his subpar safety and driving record, which was or should have been known to defendants at the time of his hire in violation of 49 C.F.R. §391.11 and §391.13;

f. Failing to perform or improperly performing the review, audit and corrective actions to verify defendant, Jean Rameau's, knowledge of and compliance with the laws and industry standards concerning the safe operation of commercial motor vehicles in violation of 49 C.F.R. §392.1(a);

g. Failing to perform or improperly performing the annual performance reviews, and checking medical evaluations, driving and personnel records, that would have revealed defendant, Jean Rameau, was unqualified and unfit to operate a commercial motor vehicle in violation of 49 C.F.R. §391.25 and §391.27; and,

h. Habitually disregarding the state and federal laws and regulations and industry standards stated above, such that it created a culture of danger and zone of risk that was reasonably anticipated to cause injury and death to the traveling public and constituted a dangerous mode of operation.

### THIRD CAUSE OF ACTION
(Negligent Hiring, Training, Supervision, Retention and Entrustment)

XXVIII.

Defendants, General Partners Group, Inc., and/or Zero Max, Inc., owed a duty to exercise reasonable care in the hiring, training, supervision, retention, and entrustment of drivers whose conduct in the operation of commercial vehicles may cause injury.

COMPLAINT FOR DAMAGES - 10

XXIX.

Defendants, General Partners Group, Inc., and/or Zero Max, Inc., owed a duty to make a reasonable inquiry and investigation into the background, character and driving history of defendant, Jean Rameau, both prior to and after retaining him as a driver of commercial vehicles.

XXX.

At the time of the subject collision described above, defendant, Jean Rameau, who was 45-years old, was an inexperienced driver who had possessed a regular driver's license for less than 9-years and who had possessed a commercial driver's license for less than 10-months.

XXXI.

Prior to being retained as a driver for defendants, General Partners Group, Inc., and/or Zero Max, Inc., defendant, Jean Rameau, had received multiple driving violations, including violations for reckless driving and for speeding.  The American Transportation Research Institute ("ATRI"), a trucking-industry-funded organization has published multiple studies on the relationship between a truck driver's driving history and the likelihood of a crash.  In 2005 the ATRI study found that drivers with a single traffic violation had a 56 percent increase in crashes and that a single reckless driving violation increased future crash risk by 325 percent.  For drivers with multiple traffic violations, such as defendant Jean Rameau, the risk is even greater.

XXXII.

After retaining defendant, Jean Rameau, as a driver, defendants, General Partners Group, Inc., and/or Zero Max, Inc., had an obligation to train defendant Jean

COMPLAINT FOR DAMAGES - 11

RUSH, HANNULA, HARKINS & KYLER, PLLC
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

Rameau to safely operate defendants' commercial vehicles. The fact that defendant Jean Rameau possessed a commercial driver's license ("CDL") did not mean that he was a trained, experienced, and safe commercial vehicle driver. In the 1997 publication *On Guard* the USDOT put the trucking industry on notice that a CDL does not indicate the holder is a trained or experienced truck driver. A CDL merely indicates that the holder has passed <u>minimal</u> skills and knowledge tests. It is incumbent upon an entity utilizing a commercial vehicle driver such as defendant, Jean Rameau, to ensure that the driver is properly trained to operate commercial vehicles.

### XXXIII.

Defendants, General Partners Group, Inc., and/or Zero Max, Inc., were negligent in failing to investigate defendant, Jean Rameau's, driving history, failing to provide him with adequate training, failing to take other action to ensure that he could safely operate a commercial tractor-trailer and/or entrusting him to operate a commercial tractor-trailer.

### **FOURTH CAUSE OF ACTION**
(Vicarious Liability)

### XXXIV.

At the time of the subject collision referenced above, defendants, Jean Rameau and Jean Wilfred, were in the course and scope of their employment, agency or representation of defendants, General Partners Group, Inc., and/or Zero Max, Inc.

### XXXV.

Defendants, General Partners Group, Inc., and/or Zero Max, Inc., are legally liable for all acts, omissions and conduct of defendants, Jean Rameau and/or Jean Wilfred, on the basis of employer/employee, respondeat superior, and/or agency or apparent agency.

COMPLAINT FOR DAMAGES - 12

**RUSH, HANNULA, HARKINS & KYLER, PLLC**
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

## XXXVI.

The plaintiff decedent, Jesus Antonio Jimemez, suffered catastrophic injuries and death as a direct and proximate result of the negligence of all the defendants. Plaintiff decedent, Jesus Antonio Jimemez, was properly standing by the door of his tractor-trailer at the time of the subject collision and was fault free. Jesus Antonio Jimemez committed no act of fault that was a proximate cause for his respective injuries or death. Because Jesus Antonio Jimemez, was fault free, all tortfeasors that caused plaintiffs' injuries are jointly and severally liable for those injuries, damages and losses.

## XXXVII.

As a direct and proximate result of the defendants' negligence and lack of due care, as alleged herein, plaintiff decedent, Jesus Antonio Jimemez, sustained catastrophic personal injuries and death, all in amounts to be proven at trial.

## XXXVIII.

As a further direct and proximate result of the defendants' negligence and lack of due care, as alleged herein, plaintiff decedent, Jesus Antonio Jimemez, has incurred medical costs and expenses, has suffered a permanent loss of income, has suffered a permanent impairment to earning capacity, and has sustained other out-of-pocket expenses, all in amounts to be proven at trial.

## XXXIX.

As a further direct and proximate result of defendants' negligence and lack of due care, as alleged herein, plaintiff decedent, Jesus Antonio Jimemez, sustained physical and mental pain, suffering, disability and disfigurement and suffered loss of enjoyment of life until his death, all in amounts to be proven at the time of trial.

XL.

As a direct and proximate result of the defendants' conduct, as alleged herein, the Estate of Jesus Antonio Jimemez, has incurred medical expenses, has suffered damage by way of Estate costs and taxes, has suffered a permanent impairment to the decedent's earning capacity, and incurred funeral expenses, all in an amount to be proven at the time of trial.

XLI.

As a further direct and proximate result of the defendants' conduct, as alleged herein, statutory beneficiary, Dilma Eloisa Galvez Gonzalez De Jimenez, has suffered and will continue to suffer a destruction and permanent impairment of her marital relationship with her husband, Jesus Antonio Jimenez, including the loss of love, affection, companionship and society, all in amounts to be proven at the time of trial.

XLII.

As a further direct and proximate result of the defendants' conduct, as alleged herein, statutory beneficiaries, Marisol Montes Suarez, Eduardo Jimenez and Jesus Jimenez, have suffered and will continue to suffer a destruction and permanent impairment of their relationship with their father, including the loss of love, affection, companionship and society, all in amounts to be proven at the time of trial.

WHEREFORE, Plaintiffs pray for judgment against the defendants as follows:

1. For all general and non-economic damages suffered by Plaintiffs, and to be suffered in the future;

2. For all special and economic damages suffered by Plaintiffs, and to be suffered in the future;

COMPLAINT FOR DAMAGES - 14

RUSH, HANNULA, HARKINS & KYLER, PLLC
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

3. For pre-judgment interest on the liquidated sums,

4. For all costs and disbursements incurred herein, including a reasonable attorney's fee, and

5. For such other and further relief as the court may deem just and equitable.

DATED this 15th day of November, 2023.

RUSH, HANNULA, HARKINS & KYLER, PLLC

By: _____
Sok-Khieng K. Lim, WSBA #30607
Michael J. Fisher, WSBA #32778
Plaintiffs' attorneys

CHOU COLWELL, P.S.

By: _____
Cody Colwell, WSBA #41540
Plaintiffs' attorneys

COMPLAINT FOR DAMAGES - 15

RUSH, HANNULA, HARKINS & KYLER, PLLC
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105