UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESUS JIMENEZ, personally and as representative of THE ESTATE OF JESUS ANTONIO JIMENEZ,<br><br>Plaintiff,<br><br>v.<br><br>JEAN B. RAMEAU; JANE DOE RAMEAU; WILFRED JEAN; JANE DOE JEAN; GENERAL PARNTERS GROUP, INC.; ZERO MAX INC.,<br><br>Defendants. | Case No. 3:24-cv-05139-TMC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.  ORDER

Before the Court is Defendant's motion for reconsideration (Dkt. 74) requesting the Court revisit its order granting sanctions against Defendants (Dkt. 71). The Court has reviewed the motion.

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the

ORDER DENYING MOTION FOR RECONSIDERATION - 1

district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Defendants' motion does not meet this high bar. First, Defendants argue that Plaintiff's motion for sanctions was "legally deficient." Dkt. 74 at 4. Defendants are correct that Plaintiff's motion relies principally on state law, not the applicable federal law under Federal Rule of Civil Procedure 37. Id. But the Court recognized this deficiency in assessing the motion's merits and applied the correct, analogous federal standards. And, given the expansive record submitted with Plaintiff's motion, Dkt. 60, the Court determined that the Plaintiff had sufficiently shown the need for sanctions. Plaintiff thus met his burden. Still, because Plaintiff failed to cite the relevant case law, the Court declined to enter case-dipositive sanctions. Dkt. 71 at 23 ("Plaintiff did not argue that this test applies or is satisfied. Rather, Plaintiff relied entirely on state law. . . . Even if Plaintiff had addressed the correct standard, before ordering case dispositive sanctions, the Court would need to consider narrower sanctions.").

Defendants also argue that, because Plaintiff failed to cite the "relevant law, Defendants were deprived the opportunity to respond to Plaintiffs' Motion." Dkt. 74 at 5. This is simply false. Defendants' response clearly states, "Plaintiffs ask the Court to issue sanctions under Fed. R. Civ. P. 37(b)(2) and 37(d)." Dkt. 62 at 4. Defendants' response to Plaintiff's motion for sanctions relies entirely on federal law. *See generally id.* Defendant had no issue responding to the motion. Defendant never raised this claim in its responsive brief or at oral argument. Thus, this argument fails on a motion for reconsideration.

Second, Defendants argue that "a case-dispositive motion was not procedurally ripe" and that, even though the Court did not issue case-dispositive sanctions, the decision has the same "practical effect." *Id.* at 5, 7. Many of the points Defendants raise here were clearly addressed in the Court's order and at oral argument. *See, e.g., id.* at 6 ("While Plaintiffs allege in general terms the inadequacy of Defendants' discovery, it was not until January 16, 2025 that a list was provided. Further, despite the list, Plaintiffs have failed to outline why they believe those interrogatories/requests are deficient."). As the Court explained at oral argument and in its order, Defendants had adequate time to respond to Plaintiff's discovery requests and the Court's previous discovery conference and order. *See* Dkt. 44, 71. Defendants failed to do so.

Defendants have repeatedly argued that the minute entry for the discovery hearing only ordered them to meet a few discovery requests. Dkt. 62 at 3 (The Court's subsequent Minute Order indicated, "Defense to provide in writing the full name/information of designated representatives with proposed deposition dates by Monday, 12/2, and supplement written discovery signed by designated representatives within 14 days from today."). The minute entry does not include everything discussed in the hearing. Defendants were ordered in the hearing to comply with several of Plaintiff's discovery requests. The hearing provided clarity and detail for these requests, and the Court's orders. Neither party has requested a transcript of the hearing. But both parties are required to comply with the Court's orders at the hearing. Defendants cannot rely on the minute entry to argue otherwise.

And Defendants have repeatedly claimed that no motion to compel was ever filed prior to or after the hearing, thus making sanctions now inappropriate. But in the parties' joint statement regarding discovery, which preceded the hearing and minute order discussed above, plaintiffs asked the Court to enter an order under Rule 37 to compel Defendants to "provide substantive responses to plaintiffs' First Set of Interrogatories and Requests for Production" and "to compel

ORDER DENYING MOTION FOR RECONSIDERATION - 3

the corporate defendants . . . to provide the name of a 30(b)(6) representative[.]" Dkt. 41 at 1. As the Court explained at the hearing, the Court requires parties to meet for discovery hearings to avoid the more formal procedures associated with a motion to compel. Thus, while no formal motion to compel was made, the Court did order remedies under Rule 37 at the hearing. Defendants failed to comply with the Court's order, which on its own, merits Rule 37 sanctions. *See* Fed. R. Civ. P. 37(2)(A).

Finally, the Court did not issue a case dispositive order. As the Court explained in its order, "as a practical matter, [determining agency liability] might function as a dispositive sanction on vicarious liability if Zero Max does not contest the drivers' negligence; GPG has already admitted liability. But the Court finds that this is warranted given Defendants' concerted efforts throughout the discovery period to prevent Plaintiff from developing evidence on this key question." Dkt. 71 at 24. This is dispositive on only one issue: the principal-agent relationship between the drivers and Zero Max. It is not a default judgment, nor a judgment on the merits of Plaintiff's claims. It is a type of evidentiary sanction specifically contemplated by Rule 37.

For these reasons, Defendants' motion for reconsideration is DENIED.

Dated this 31st day of March, 2025.

Tiffany M. Cartwright
United States District Judge